Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6047 | **DATE** | November 12, 2010 |
| **CASE TITLE** | Christopher Kirkendoll (2010-0320007) vs. Cook County Dep't of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $9.38 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The Court gives plaintiff thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send plaintiff an amended civil rights complaint form with instructions, and a copy of this order. Failure to timely comply with this order may result in the dismissal of the case.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

Christopher Kirkendoll, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $9.38. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, plaintiff's trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.

The Court reviews the complaint under 28 U.S.C. § 1915A. Plaintiff alleges that he was housed in a cell at Cook County Jail that had no running water in the sink for almost three months, leaving him no way to wash his hands, sanitize the toilet, or get drinking water. He says he told the working officer on every shift but was told only that work orders had been submitted to get the sink repaired.

The Court will grant plaintiff leave to file an amended complaint, because the complaint in its current form fails to state a claim. Plaintiff has sued only the Cook County Department of Corrections, which is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). In determining whom to sue in his proposed amended complaint, plaintiff should keep in mind that "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff must name as defendants the person(s) who knew of the problem and failed to take any action. If plaintiff cannot identify one or more of those persons, he may initially sue a supervisory official (such as the Director of the Jail) who is in a position to identify the unknown defendants. *See, e.g., Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Once plaintiff has obtained service on the supervisor

| STATEMENT |
|---|
| and an attorney has appeared for the supervisor, plaintiff may send the attorney interrogatories (questions) under Fed. R. Civ. P. 33 seeking information about the identity of the persons who allegedly violated plaintiff's Constitutional rights. Once plaintiff learns the defendants' identities, he may ask permission to amend his complaint to add them as defendants.<br><br>    In addition, plaintiff should indicate in his proposed amended complaint when the alleged unconstitutional conduct took place. *See Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).<br>    The Court will allow plaintiff thirty days to submit a proposed amended complaint. As with every document filed with the court, plaintiff must provide an extra copy for the judge and must submit enough copies for service on each defendant named in the amended complaint.<br>    An amended complaint supersedes the original complaint and must stand complete on its own. Therefore, plaintiff must include all pertinent allegations in the amended complaint, without reference to the original complaint. Any exhibits plaintiff wants the Court to consider in reviewing the amended complaint must be attached, and each copy of the amended complaint must include complete copies of those exhibits.<br>    If plaintiff fails to comply within thirty days, the Court will summarily dismiss the case with the understanding that plaintiff does not wish to pursue his claims in federal court at this time. |